IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| AMEE GOOLD,<br><br>                    Plaintiff,<br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br>                    Defendant. | MEMORANDUM DECISION AND ORDER AFFIRMING DECISION OF COMMISSIONER<br><br>Case No. 2:14-cv-639<br><br>Magistrate Judge Brooke Wells |

All parties in this case have consented to having United States Magistrate Judge Brooke C. Wells conduct all proceedings in this case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[1]

Plaintiff Amee Goold ("Plaintiff") seeks judicial review of the determination of the Commissioner of the Social Security Administration that denied Plaintiff's application for period of disability and disability insurance benefits under Title II of the Social Security Act.[2]  After careful consideration of the administrative record, relevant case law and the briefs submitted by the parties, the Court has determined that oral argument is unnecessary and decides this case based upon the record before it.   For the reasons set forth below, the Court AFFIRMS the decision of the Administrative Law Judge.

---

[1] *See* 28 U.S.C. § 636(c), F.R.C.P. 73, docket no. 12.
[2] *See* 42 U.S.C. § 405(g).

BACKGROUND[3]

## I.       Procedural History

On August 31, 2011, Plaintiff filed a Title II application for a period of disability and

disability insurance benefits.[4]  Plaintiff's claim was initially denied on October 27, 2011 and

upon reconsideration on February 6, 2012.  Thereafter, Plaintiff filed a written request for a

hearing and a hearing was held before an Administrative Law Judge ("ALJ") on May 8, 2013.[5]

On June 10, 2013, the ALJ issued a written decision denying Plaintiff benefits.[6]  On

July 10, 2014, the Appeals Council denied Plaintiff's Request for Review.[7]  Thus, the

ALJ's decision became the final decision of the Commissioner of Social Security.  This

appeal followed.

## II.      The ALJ's Decision

The ALJ found at Step One of the required sequential evaluation process[8] that Plaintiff had

not engaged in substantial gainful activity since June 1, 2009, the alleged onset date.[9]  At Step

Two, the ALJ found Plaintiff to have the following severe impairments:  (1) irritable bowel

syndrome ("IBS"); (2) fibromyalgia; (3) hypothyroidism; and (4) depression.[10]  However, the

ALJ found these impairments not to meet or medically equal any of the listed impairments

contained in 20 C.F.R. Part 404, Subpart P, Appendix I (20 C.F.R. 404.1520(d) and 404.1526).[11]

The ALJ then found Plaintiff to have the residual functional capacity ("RFC") to perform

light work except:

---

[3] The Court finds the parties have adequately set forth Plaintiff's medical history in their respective briefs.
Therefore, the Court finds it unnecessary to repeat that record in detail here.
[4] Docket no. 12, Administrative Record [hereinafter referred to as "Tr."] at 35.
[5] *Id.*
[6] Tr. 35-46.
[7] Tr. at 10.
[8] *See* 20 C.F.R. § 404.1520.
[9] Tr. at 37.
[10] *Id.*
[11] Tr. at 38.

the claimant should not more than occasionally climb ramps and stairs, but should never climb ladders, ropes, and scaffolds; the claimant should no more than occasionally balance, stoop, kneel, and crouch but should never crawl; the claimant should never work in the presence of concentrated exposure to unprotected heights or hazardous moving mechanical parts or machinery; the claimant should never work in the presence of concentrated exposure to extreme cold; the claimant should never work in the presence of vibration; the claimant is limited to perform simple and routine; and the claimant is limited to judgment decisions and work place changes that are consistent with simple and routine.[12]

In assessing Plaintiff's RFC, the ALJ gave "significant weight" and "partial weight" to the state agency physicians who reviewed Plaintiff's case and "little weight" to the opinions of Plaintiff's treating physician, Dr. David Gubler and Plaintiff's physical therapist, Stephen Bucannon.[13]  The ALJ further found Plaintiff to lack credibility about the severity of her symptoms.[14]

At Step Four, the ALJ found Plaintiff is unable to perform any of her past relevant work.[15] At Step Five, the ALJ considered the Plaintiff's age, education, work experience and RFC and found that there were jobs that exist in significant numbers in the national economy that Plaintiff could perform.[16]  Specifically, the ALJ found Plaintiff could perform work as an officer helper, sales attendant, and assembler, production.[17]

## STANDARD OF REVIEW

"We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied."[18]  If

---

[12] Tr. at 40.  Upon review of "Mr. Bucannon's" opinion, it appears both Plaintiff's counsel and the ALJ have misspelled his last name.  The record indicates the proper spelling is "Buchanan."  However, for sake of clarity, the Court will use the same spelling used by the ALJ.  *See* Tr. at 558.
[13] Tr. 44-45.
[14] Tr. at 43.
[15] Tr. at 45.
[16] *Id.*
[17] Tr. at 46.
[18] *Mays v. Colvin*, 739 F.3d 569, 571 (10th Cir. 2014).

supported by substantial evidence, the findings are conclusive and must be affirmed.[19]
Substantial evidence is "more than a scintilla, but less than a preponderance."[20]  Thus, "[t]he
possibility of drawing to inconsistent conclusions from the evidence does not prevent an
administrative agency's findings from being supported by substantial evidence."[21]

In addition, a reviewing Court should not re-weigh the evidence or substitute its own
judgment for that of the ALJ's.[22]  The Court "...may not 'displace the agenc[y]'s choice between
two fairly conflicting views, even though the Court would justifiably have made a different
choice had the matter be before it de novo.'"[23]  Lastly, "[t]he failure to apply the correct legal
standard[s] or to provide this court with a sufficient basis to determine that appropriate legal
principles have been followed [are] grounds for reversal."[24]

## ANALYSIS

Plaintiff raises three arguments upon appeal:  (1) whether the ALJ erred in assigning greater
weight to the opinion of state agency physicians rather than to plaintiff's treating professionals;
(2) whether the ALJ erred by failing to adequately develop the record under SSR 96-5p and 20
C.F.R. § 404.1512(e) by not re-contacting Dr. David Gubler and Stephen Bucannon, PT for
clarification regarding plaintiff's work-related capabilities and (3) whether the ALJ's evaluation
regarding Plaintiff's credibility was supported by substantial evidence as outlined in SSR 96-7p.

### A.  Weight Assigned to Dr. Gubler and Mr. Bucannon's Opinions

Plaintiff argues the ALJ erroneously discounted the opinions of her treating physician, Dr.
Gubler and her physical therapist, Stephen Bucannon.  The Court is not persuaded by Plaintiff's

---

[19] *Richardson v. Perales*, 402 U.S. 389, 401 (1981).
[20] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).
[21] *Zoltanski v. FAA*, 372 F.3d 1195, 1200 (10th Cir. 2000).
[22] *Qualls v. Apfel*, 206 F.3d 1368, 1371 (10th Cir. 2000).
[23] *Lax*, 489 F.3d at 1084 (quoting *Zoltanski*, 372 F.3d at 1200).
[24] *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005)(internal citations omitted).

arguments and finds the ALJ's assessment of the medical opinions contained in the
Administrative Record to be supported by substantial evidence.

### i.    Dr. Gubler

On November 28, 2011, Dr. Gubler provided the following letter regarding Plaintiff's
condition. "I have evaluated this patient for chronic abdominal pain, chronic pain, and
depression. Her picture seems most consistent with irritable bowel syndrome, fibromyalgia
syndrome, and anxiety/depression.  Her symptoms are severe enough she is unable to work."[25]
The ALJ assigned this opinion "little weight."[26]

Where, as here, the ALJ decides not to give controlling weight to a treating physician's
opinion, the ALJ must decide "whether the opinion should be rejected altogether or assigned
some lesser weight."[27]  As Plaintiff points out in her briefs, treating source medical opinions not
entitled to controlling weight "are still entitled to deference" and must be evaluated in light of the
factors in regulations 20 C.F.R. 404.1527 and 416.927.[28]  However, the 10th Circuit has
observed that the ALJ is not required to explicitly discuss all of the factors contained in the
regulations in deciding what weight to assign a medical opinion.[29]

Here, the ALJ did not reject Dr. Gubler's opinion altogether but afforded it "little weight."[30]
In doing so, the ALJ gave three "good" reasons for affording Dr. Gubler's opinion little weight,
each tied to the regulatory factors.  First, "at the time Dr. Gubler provided his opinion, in

---

[25] Tr. at 555.
[26] Tr. at 44.
[27] *Pisciotta v. Astrue*, 500 F.3d 1074, 1077 (10th Cir. 2007).
[28] *See also Watkins v. Barnhart*, 350 F.3d 1297, 1300-1301 (10th Cir. 2003)(quoting SSR 96-2p). Those
factors are (1) the length of the treatment relationship and the frequency of examination; (2) the nature and
extent of the treatment relationship, including the treatment provided and the kind of examination or testing
performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4)
consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist
in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which
tend to support or contradict the opinion.
[29] *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007).
[30] Tr. at 44.

November 2011, he only been treating the claimant for a little over a month and seen her on two occasions." (Factors 1 and 2).  Next, the ALJ found Dr. Gubler's underlying treatment records not to support his opinion that Plaintiff is unable to work.  The ALJ then cited specific examples contained in Plaintiff's medical records (Factor 3).[31]  Finally, the ALJ found Dr. Gubler's opinion that Plaintiff is unable to work as an issue reserved to the Commissioner pursuant to SSR 96-5p (Factor 6).  Therefore, the Court finds Plaintiff's argument that the ALJ failed to follow appropriate regulations when assigning weight to opinion evidence from treating sources to be without merit.

Similarly, the Court is unpersuaded by the Plaintiff's assertion that the ALJ should have given preference to Dr. Gubler's opinion simply because he is a treating physician.  While it is generally true that treating physicians opinions should be afforded more deference because of the nature of their relationship with claimant,[32] is not enough for remand in this case.  Rather, this case presents "...the not uncommon situation of conflicting medical evidence.  [Thus,] "[t]he trier of fact has the duty to resolve that conflict."[33]  A reviewing court's role is not to re-weigh the medical opinion contained in the record.[34]  The Court finds the ALJ's opinion as to Dr. Gubler's opinion follows the proper framework and properly did not afford his opinion greater or controlling weight.

Therefore, the Court finds the ALJ adequately applied the regulatory factors as to Dr. Gubler's opinions and if the Court were to accept Plaintiff's arguments, it would be re-weighing

---

[31] *See e.g.* Tr. at 44 ("For instance, in his initial appointment with the claimant Dr. Gubler documented that the claimant had a normal gait, she was able to stand without difficulty, there was no evidence of focal muscle weakness or atrophy, her abdomen was nontender to palpation, she had normal bowel sounds and she appeared oriented with an appropriate mood and affect.")
[32] *See* 20 C.F.R. 404.1527(c)(1).
[33] *Richardson v. Perales*, 402 U.S. 389, 399 (1971).
[34] *See Lax* at 1084.

the evidence—which is improper.  The ALJ provided good reasons in his decision for the weight

he gave to Dr. Gubler's opinion.  "Nothing more was required in this case."[35]

### ii.     Stephen Bucannon

With regard to the opinion provided by Plaintiff's physical therapist, Stephen Bucannon, the

ALJ found that as a physical therapist, Mr. Bucannon not to be an acceptable medical source

within the regulatory definition.[36]  The ALJ further found that it cannot be determined whether

Mr. Bucannon's treatment notes support his findings because Mr. Bucannon's treatment notes

were not contained in the record.[37] Lastly, the ALJ found

> at the time Mr. Bucannon provided his opinion in March, 2012, he [had] been treating
> the claimant for no more than two months, for it was not until February 2013 the
> claimant requested a referral to physical therapy.  Indeed,  at the time she requested
> the referral she told her provider, Dr. Gubler, that she wanted to go to physical
> therapy to recondition and "have them fill out the functional form," which suggests
> that the claimant's motivations to attend physical therapy were not entirely based on
> her attempts to improve functioning.[38]

Plaintiff argues the ALJ erred in assigning Mr. Bucannon's opinion "little weight."

Specifically, Plaintiff correctly contends Mr. Bucannon's opinion evidence must be considered

under the same criteria addressed in 20 CFR 404.1527 and 416.927.

As a physical therapist, Mr. Bucannon is not an "acceptable medical source." [39]  Instead,

under the regulations, physical therapists are classified as an "other source."[40] These sources "are

important and should be evaluated on key issues such as impairment severity and functional

---

[35] *Oldham* at 1258.
[36] Tr. at 44.
[37] *Id*.
[38] *Id*.
[39] 20 C.F.R. 404.1513(a)("acceptable medical sources" include licensed physicians, licensed or certified psychologists, licensed optometrists, licensed podiatrists, and qualified speech language pathologists.); *see also Huff v. Astrue*, 275 Fed. App'x 713, 716 (9th Cir. 2008)("The ALJ was entitled to give the physical therapist's opinion less weight, where the regulations did not specify how to weigh evidence from an 'acceptable medical source' against medical evidence from an 'other source' such as a physical therapist.")(internal citations omitted).
[40] 20 C.F.R. 404.1513(d) ("Other medical sources" include, but are not limited to "nurse practitioners, physicians' assistants, naturopaths, chiropractors, audiologists, and therapists.")

effects, along with the other relevant evidence in the file."[41]  Social Security Ruling 06-3p further "specifies that the factors for weighing the opinions of acceptable medical sources set out in 20 C.F.R. 404.1527(d) and § 416.927(d) apply equally to 'all opinions from medical sources who are not 'acceptable medical sources' as well as from 'other [non-medical] sources.'"[42] Thus, the ALJ must "explain the weight given to these opinions or otherwise ensure that the discussion of the evidence allows a claimant or subsequent reviewer 'to follow adjudicator's reasoning, when such opinions may have an effect on the outcome of the case.'"[43]

Here, the Court finds no reversible error in the ALJ's analysis of Mr. Buccanon's opinion. In giving Mr. Bucannon's opinion little weight, the ALJ reasoned that the lack of treatment notes did not allow the ALJ to make a reasoned determination regarding whether Mr. Bucannon's opinion were supported. As discussed in further detail below, the Court finds the ALJ did not have a duty to recontact Mr. Bucannon for further documentation.

Next, the ALJ also took note of the relatively short treating relationship Plaintiff had with Mr. Bucannon (no more than two months) and finally the ALJ considered Plaintiff's motivations for attending physical therapy.  While the ALJ's analysis perhaps could have been more detailed with regard to Mr. Bucannon, the Court finds no legal error in the ALJ's analysis.  The ALJ's opinion provides the Court with enough analysis to adequately follow the ALJ's reasoning and finds the factors contained in the regulations were contemplated at least in part—which is all that is required.

Therefore, the Court finds the ALJ's analysis with regard to the medical evidence is supported by substantial evidence.   The Court further finds that Plaintiff is essentially requesting that the Court to reweigh the medical evidence in this case because she does not agree with the

---

[41] SSR 06-3p (Aug. 9, 2006, effective date).
[42] *Frantz v. Astrue*, 509 F.3d 1299, 1302 (10th Cir. 2007)(internal quotations and citations omitted).
[43] *Id*. (citing SSR 06-3p).

ALJ's analysis of the medical opinions.  The Court's responsibility is not to reweigh the evidence and upon review of the record, there is ample support for the ALJ's findings with regard to the medical opinions.

### B.  Development of Record

Plaintiff argues that in addition to not weighing the medical opinions properly, the ALJ should have re-contacted both Dr. Gubler and Mr. Bucannon.

Generally, "[a]n ALJ has the duty to develop the record by obtaining pertinent, available medical records which come to his attention during the course of the hearing."[44]   In *Maes v. Astrue*, the 10th Circuit recognizing this principle further explained that

> …in cases such as this one where the claimant was represented by counsel at the hearing before the ALJ, the ALJ should ordinarily be entitled to rely on the claimant's counsel to structure and present claimant's case in a way that the claimant's claims are adequately explored, and the ALJ may ordinarily require counsel to identify the issues requiring further development.
>
> …
>
> [Further], "[a]lthough the ALJ has the duty to develop the record, such duty does not permit a claimant, through counsel, to rest on the record—indeed, to exhort the ALJ that the case is ready for decision—and later fault the ALJ for not performing a more exhaustive investigation.  To do so would contravene the principle that the ALJ is not required to act as the claimant's advocate in order to meet his duty to develop the record.  This is especially true where, as here, neither counsel have obtained (or, so far as we can tell, tried to obtain) for themselves the records about which they now complain—suggesting that counsel has abandoned his role as advocate in favor of relegating that responsibility to the ALJ.[45]

Moreover, the 10th Circuit has further noted that "An ALJ need only recontact a treating source "[i]f evidence from the claimant's treating doctor is inadequate to determine if the claimant is disabled."[46]

---

[44] *Carter v. Chater*, 73 F.3d 1019, 1022 (10th Cir. 1996).
[45] *Maes v Astrue*, 522 F.3d 1093, 1096-1097 (10th Cir. 2008)(internal quotations and citations omitted).
[46] *Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004); 20 C.F.R. 404.1520b(c).

Here, at the hearing before the ALJ, Plaintiff's counsel did not object to the exhibits admitted in the administrative record and affirmatively stated that the record could be closed.[47]  In addition, the ALJ had Dr. Gubler's treatment notes to compare to his opinion with and found that his opinion as to disability was not only an issue reserved for the Commissioner but did not support his ultimate findings.

As to Mr. Bucannon, the ALJ correctly noted that he treated Plaintiff for a short period of time before he issued his opinion.  Further, the administrative record contains substantial evidence in which the ALJ could determine whether or not Plaintiff was disabled.  Specifically, the record contains numerous treatment notes, objective test results, Plaintiff's testimony and opinions from four reviewing state agency experts.

In addition, 20 C.F.R. 404.1513 further lends support to a finding that the ALJ had no obligation to further contact Plaintiff's physician or physical therapist for additional medical records or further explanation of opinions.  Rather, it is Plaintiff who should have developed the record and evidence of her claim further.   Section 404.1513 (e) states:

> Completeness.  The evidence in your case record, including the medical evidence from acceptable medical sources (containing the clinical and laboratory findings) and other medical sources not listed in paragraph (a) of this section, information *you give us* about your medical condition(s) and how it affects you, and other evidence from other sources, must be complete and detailed enough to allow us to make a determination about whether you are disabled or blind…[48]

Therefore, based upon the facts of this case, the Court finds the ALJ did not have a duty to re-contact Dr. Gubler nor Mr. Bucannon.

---

[47] Tr. at 57.
[48] 20 C.F.R. § 404.1513(e)(emphasis added).

### C.  Plaintiff's Credibility

Plaintiff next contends that the ALJ did not properly assess her credibility.   For example, Plaintiff argues "[t]he ALJ should have focused on the substantial body of medical record that noted tender points and abdominal tenderness, multifactorial pelvic pain, myofascial pain syndrome, "functional" pain not easily documented by diagnostic procedures, pain increasing with exercise, fatigue, nausea, diffuse pain feet, legs, hands, shoulders, and abdomen, and loose bowel movements 2-4 times daily along with cramping."[49]   Therefore, accordingly to Plaintiff, "the facts the ALJ relied on are immaterial to Goold's functional limitations."[50]

Social Security Ruling 96-7p sets out relevant factors an ALJ should consider in addition to the objective medical evidence, in order to determine credibility.   These include:

> (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual uses or has used to relieve the pain or other symptoms (e.g. lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.[51]

However, the 10th Circuit "does not require a formalistic factor-by-factor recitation of the evidence, so long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility…"[52]   Further, it is well established that "[c]redibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when

---

[49] Docket no. 27, at p. 7-8.

[50] *Id.*

[51] SSR 96-7p, 1996 WL 374186 at *3 (July 2, 1996).

[52] *Qualls v. Astrue*, 206 F.3d 1368, 1372 (10th Cir. 2008)(internal citations omitted).

supported by substantial evidence in the record, provided the determinations are closely and affirmatively linked to that evidence."[53]

At the outset, the Court notes that the ALJ's analysis of Plaintiff's credibility spans almost four complete pages of his decision.[54]  In his analysis, the ALJ summarized the applicable standards for evaluation, Plaintiff's testimony and statements regarding her daily activities and abilities both to the ALJ and to medical providers, and the objective medical findings contained within the record.   The Court finds the ALJ's assessment as to Plaintiff's credibility permits meaningful review and although Plaintiff may not agree with the ALJ's characterizations of the evidence before her, this alone is not a basis for error.

Therefore, for essentially the same reasons articulated by Defendant in her brief as to the ALJ's credibility determination, the Court finds the ALJ's credibility determination to be closely and affirmatively linked to substantial evidence in the record as required.  Again, the Court finds Plaintiff's arguments essentially amount to a request to reweigh the evidence.  The Court declines Plaintiff's invitation and finds the ALJ set forth specific reasons for not giving full weight to Plaintiff's complaints.  Therefore, the ALJ did not err in his evaluation of Plaintiff's credibility.

### CONCLUSION & ORDER

Upon review and consideration of the relevant case law, the administrative record, and the briefs submitted by the parties, the Court finds substantial evidence supports the ALJ's decision and the Plaintiff's arguments lack merit.  Therefore, the Court AFFIRMS the decision of the Commissioner.  The Clerk of Court is directed to close this case.

---

[53] *Adams ex rel. D.J.W. v. Astrue*, 659 F.3d 1297, 1302 (10th Cir. 2011)(alteration and internal quotation marks omitted).
[54] Tr. 40-43.

DATED this 5 June 2015.

Brooke C. Wells
United States Magistrate Judge